UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| GREGORY JAMES LATTIMORE, | CASE NO.: 26-60729-PMB |
| DEBTOR. | CHAPTER 13 |
| | JUDGE PAUL BAISIER |
| MELISSA J. DAVEY,<br>STANDING CHAPTER 13 TRUSTEE,<br>Movant, | |
| v. | CONTESTED MATTER |
| GREGORY JAMES LATTIMORE,<br>Respondent. | |

**CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. Debtor has not filed Official Form 122C-2 as required.

3. The Trustee requests proof of the expense for two auto payments in the amount of $793.00 per month and $642.00 per month reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. Schedule G fails to reflect the Debtor’s lease/executory contract with Aaron's.

5. The Chapter 13 petition and schedules fail to disclose Debtor's interest in clothing and household goods in violation of 11 U.S.C. Section 521.

6. The Chapter 13 Schedules reflect that Debtor has monthly net income available of $2,127.11; however, Debtor only proposes to pay $40.00 per month to creditors through the Plan, which may indicate a lack of good faith and violate 11 U.S.C. Section 1325(a)(3).

7. Schedule I lists net monthly income of $1,576.04. However, Debtor's pay advices and/or other proof of income reflect net monthly income of $1,707.37. The Schedules fail to accurately reflect Debtor's income; accordingly, Trustee is unable to determine whether the Plan is proposed in good faith. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7).

8. The Trustee objects to the exemption of one hundred percent (100%) of fair market value for various items, as the Georgia statute allows only specific dollar amounts. Trustee cannot evaluate whether the Debtor's exemption is within the statutory limitation.

9. The Chapter 13 Plan fails to provide treatment of the filed secured claims of Bridgecrest and OneMain Financial Group LLC in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

10. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). See *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

11. The proposed Chapter 13 Plan is substantially incomplete and fails to provide clear treatment for any creditor. The Chapter 13 Trustee is unable to evaluate whether the Plan complies with the requirements of the Bankruptcy Code, particularly the requirements set out in 11 U.S.C. Sections 1322 and 1325. Further, the Chapter 13 Trustee is unable to administer the proposed Plan.

12. The Trustee objects to the proposed Chapter 13 composition Plan, which fails to provide for payment of Debtor's 2026 through 2030 federal income tax refunds to creditors during the applicable commitment period in possible violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

13. The NDGA Local Plan Form requires the appropriate box to be "checked" in order for that section to be effective. In this case, the Debtor failed to check the applicable box in Section 5.1 of the Plan, such that the Plan cannot be administered.

14. Schedule J appears to duplicate expenses for property insurance of $60.00 and upkeep of $120.00 per month in 2 sections of Schedule J.

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: October 09, 2026

/s/Delaycee Rowland

Delaycee Rowland
Attorney for the Chapter 13 Trustee
GA Bar No. 773359
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone: (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 26-60729-PMB |
| GREGORY JAMES LATTIMORE, | ) | CHAPTER 13 |
| DEBTOR. | ) | JUDGE PAUL BAISIER |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**
PRO SE

I further certify that on this day I caused a copy of this document to be served via first class mail, with adequate postage prepaid on the following parties set forth below at the address shown for each.

DEBTOR:
GREGORY JAMES LATTIMORE
5418 MILLING CT
POWDER SPRINGS, GA 30127

Dated: October 09, 2026

/s/Delaycee Rowland

Delaycee Rowland
Attorney for the Chapter 13 Trustee
GA Bar No. 773359
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone: (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com